LUCIUS LEAVITT ET AL., APPELLANTS, V. SIGEL MATSON
ET AL., APPELLEES.

FILED JUNE 5, 1915.   No. 18897.

1. **Schools and School Districts:** SELECTION OF SCHOOLHOUSE SITE.
   School boards should act fairly and impartially in the matter of
   allowing the electors of a school district an opportunity to express
   their desire as to the site for a proposed new schoolhouse.

2. ———: ———: FRAUD: ISSUANCE OF BONDS: INJUNCTION. Evidence
   *held* not to establish such fraud, discrimination or fraudulent rep-
   resentation as to the site upon which a proposed schoolhouse would
   be built as to render it the duty of a court to enjoin the issuance
   of bonds voted for the purpose of erecting and furnishing a school
   building.

APPEAL from the district court for Lancaster county:
WILLARD E. STEWART, JUDGE. *Affirmed.*

*A. G. Wolfenbarger* and *H. S. Lower,* for appellants.

*Morning & Ledwith, contra.*

LETTON, J.

The plaintiff is a resident taxpayer of school district No.
139, Lancaster county, and the defendants are the mem-
bers of the school board of the district. The purpose of
the action is to enjoin the board from issuing $20,000 in
bonds of the school district voted for the purpose of build-
ing and equipping a schoolhouse, and to declare that the
election called for the purpose of submitting to the voters
the question of issuing such bonds and an election called
for the purpose of moving the site of the schoolhouse, both
held upon the 18th day of June, 1914, be declared to be
void and of no effect. The main reasons alleged are de-
fects in the notices; that a number of the voters were not
qualified; that the signatures of a sufficient number of the
signers to the petition for the election to vote bonds and
of votes to carry the bonds were obtained by false state-
ments and fraudulent misrepresentations; and that the

"Hillcrest" petition was collusively prevented from being submitted to a vote.

The facts seem to be that in February, 1914, a petition was filed asking that an election be called upon the question of issuing bonds in the sum of $25,000 for the purchase of certain lots in Hillcrest addition to Bethany and to build and equip a schoolhouse thereon. The board refused to call this election, when one Britt began a mandamus proceeding to compel such action. The district court granted the writ with certain modifications. Britt appealed to this court, where the judgment of the district court was reversed and the action dismissed. Pending the appeal, a petition was circulated and filed with the board asking that an election be called to change the schoolhouse site to the "Hillcrest" site, and another petition asking the board to call an election to submit a proposition to vote $20,000 in bonds to erect and furnish a schoolhouse. A great difference of opinion and lack of harmony developed among the voters with regard to the proposed change of site, residents of the northern portion of the village desiring one site, and those living in the southern part another. At the request of a number of citizens the school board informally appointed six persons as "a mediation committee." This committee finally recommended and petitioned the board to call an election to change the schoolhouse site to certain lots in block 42 of the original plat of Bethany Heights, known as the "Swiger block." The board then laid the "Hillcrest" petition upon the table, and at the same meeting called an election to vote upon the "Swiger block" site, at the same time and place as the bond election, to wit, June 18, 1914. At the appointed time the school meeting took place and the elections were held. The proposition to vote bonds was carried, and that to change the site of the schoolhouse was defeated.

It is these elections that the plaintiff desires to have declared null and void. The principal contentions now made seem to be that the board acted fraudulently in tabling the petition to call an election submitting the "Hillcrest" site to a vote and substituting the petition by the

Leavitt v. Matson.

"mediation committee" for a vote upon the "Swiger block" site, and in representing, by themselves and their associates, to the voters that if the bonds carried the money would be used to build a schoolhouse on the "Swiger block." As matters now stand, bonds have been voted, but no new site selected. Plaintiff fears that the new building will be erected on the old site. The petition to call an election on the "Hillcrest" site is still upon the table.

Many witnesses for the plaintiff show by their testimony that it was their understanding that if the bonds were voted the schoolhouse would not remain upon the old site, but would be built upon the "Swiger block;" but it is equally clear that many of the voters understood that both questions were to be voted upon at the same time. Indeed, some of these witnesses voted for the new site and against the bonds, some for the bonds and against the site, and some for both propositions. Those who desired the change probably had sufficient confidence to believe that both proposals would carry; but it is a common experience that confidence as to the result of an election is often misplaced—the site might be selected and the bonds defeated, or the proposition to issue bonds carry and the change of site be defeated. We have been unable to discover any fraudulent acts or representations which would justify a reversal of the judgment of the district court.

Contentions between voters living in various portions of school districts as to schoolhouse sites are not uncommon. School boards should in such matters act fairly and impartially, giving ample opportunity for the voters to indicate their preference. The inference is drawn—as to a few witnesses perhaps properly—that because the petition for the "Hillcrest" site was circulated at the same time as the bond petition, and partly at least by the same persons, the petitioners and voters were deceived. The very appearance of evil should be avoided. We have so far not been convinced that the board is desirous of thwarting the will of the majority. As suggested by the district court, the question as to where the schoolhouse shall be located is still an open one. The chairman of the board testified that

if a vote was desired on the "Hillcrest" proposition it could be had. It is within the power of the school board to take from the table the petition to call an election upon the "Hillcrest" proposition and to submit the matter to the voters within the next 40 days.

The judgment of the district court is

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.